UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBIN J. WEISENFELD,

                    Plaintiff,                          Case No. 16-cv-11701

v                                        Honorable Thomas L. Ludington

                                              Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING THE DECISION OF THE COMMISSIONER**

       Plaintiff Robin J. Weisenfeld filed a complaint seeking judicial review of the Social
Security Commissioner's denial of disability benefits on May 12, 2016. ECF No. 1. Weisenfeld's
original application for disability benefits was filed on April 3, 2013. The request was denied,
and Weisenfeld requested an administrative hearing. The Administrative Law Judge (ALJ) found
that Weisenfeld was not disabled. The Appeals Council denied review, making the ALJ's denial
of benefits the Commissioner's final decision. Weisenfeld sought judicial review, and the case
was referred to Magistrate Judge R. Steven Whalen. ECF No. 3. After the parties filed cross-
motions for summary judgment, Judge Whalen issued a report recommending that the
Defendant's motion be granted, Plaintiff's motion denied, and the Commissioner's decision
affirmed. ECF Nos. 11, 16, 19. Weisenfeld filed two objections to the report and
recommendation. ECF No. 20. For the reasons stated below, those objections will be overruled
and the report and recommendation will be adopted.

**I.**

With one exception (discussed below), neither party has objected to Judge Whalen summary of the background and administrative proceedings of the case. For that reason, the summary is adopted in full. A brief reiteration will be provided here. Weisenfeld was 51 when her request for disability benefits was denied by the Commissioner. She has a college education and previous work history as a nurse. Weisenfeld alleges disability due to arthritis and back pain.

At the hearing, the ALJ found that Weisenfeld experienced several severe impairments: "calcium pyrophosphate deposition disease (pseudogout); arthritis of the knee status-post two surgeries, and obstructive sleep apnea." Admin. Rec. at 33, ECF No. 9. Despite those impairments, the ALJ concluded that Weisenfeld possessed the Residual Functional Capacity for light work, with certain restrictions, and concluded that Weisenfeld could perform a significant number of jobs despite her limitations.

## II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).  Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that she is precluded from performing her past relevant work.  At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

## A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## B.

Weisenfeld has filed two objections to Judge Whalen's report and recommendation. Both objections find fault with aspects of the ALJ's decision, but do not directly challenge Judge Whalen's analysis. In her first objection, Weisenfeld argues that the ALJ improperly rejected the opinion of Weisenfeld's treating physician and thus miscalculated Weisenfeld's residual

functional capacity. Second, Weisenfeld contends that the ALJ improperly evaluated the credibility of Weisenfeld's self-reported limitations. Both objections will be addressed separately.

## 1.

Most of Weisenfeld's first objection simply reiterates arguments that she made in her motion for summary judgment. Those arguments were rejected by Judge Whalen. As explained above, only objections which specifically pinpoint an error by the Magistrate Judge merit de novo review. Thus, only arguments which assert a "specific deficiency in the Magistrate Judge's reasoning" will be addressed. *O'Connell v. Comm'r of Soc. Sec.*, No. 14-13690, 2016 WL 537771, at *3 (E.D. Mich. Feb. 11, 2016).

In her first objection, Weisenfeld takes issue with only one aspect of Judge Whalen's report and recommendation. She contends that "Judge Whalen's conclusion that the record documented no physical abnormalities after Ms. Weisenfeld's surgery in October 2012 (Tr. 288-289) is directly contradicted by the record." OBjs. at 2, ECF No. 20. In the challenged section of Judge Whalen's opinion, he addresses whether the treating physician's opinions regarding medical evidence of physical limitations were supported by the remainder of the medical record. Rep. & Rec. at 12, ECF No. 19. Judge Whalen noted that Dr. Smith, the treating physician, referenced "abnormal" imaging and clinical studies. *Id.* But Judge Whalen found that Dr. Smith's opinion regarding physical limitations was inconsistent with the evidence upon which he purportedly relied:

> However, the imaging study cited by Plaintiff is an x-ray of the knee taken four months prior to her October, 2012 knee surgery (Tr. 283). None of the post-surgical records (including Dr. Smith's own treating records) support his opinion that she was unable to sit, stand, or walk for more than one hour a day. While Dr. Smith observed a "slight limp" and a limited range of shoulder motion during an April, 2013 examination, the treating notes do not suggest that Plaintiff

experienced greater restrictions than those found in the RFC (Tr. 34). Contrary to Dr. Smith's finding that Plaintiff experienced "marked" manipulative limitations, none of his records (or anybody else's records) suggest that Plaintiff experienced any limitation in gripping or other fine manipulative activity (Tr. 386-387). To the contrary, Dr. Lazzara's observations included Plaintiff's ability to "pick up a coin, button clothing, and open a door" (Tr. 38, 364).

*Id.* at 13.

Weisenfeld believes that Judge Whalen has misrepresented the record. She articulates the record as follows:

Examinations after surgery documented a slight limp, decreased range of motion in the right shoulder, decreased motion in the left shoulder, and moderate swelling of the right knee with decreased motion (Tr. 336); crepitus of the left shoulder with lack of 5 degrees of full abduction and pain and tenderness in the medial aspect of the right knee (Tr. 340); and, synovial thickening in the right knee, pain in the left shoulder, difficulty with squatting and heel and toe walking, reduced abduction and forward elevation of the left shoulder, and reduced motion in the right knee (Tr. 367-369).

Objs. at 2–3.

Upon review of the record, Judge Whalen's description is more accurate. The record does reflect an April 2013 finding of some decreased range of movement and swelling in Weisenfeld's shoulders. *See* Admin. Rec. at 336. But, in May 2013, Dr. Farber examined Weisenfeld and reported as follows: "The patient did tell me there was trace tenderness on the medial aspect of the right knee, but no other objective or subjective abnormalities were appreciated. The examination otherwise failed to reveal synovitis, effusion, redness, heat, pain, or tenderness of all other joints which have normal range of motion." Admin. Rec. at 340. In June 2013, Weisenfeld was evaluated again. Admin. Rec. at 366–69. The report found "[s]ynovial thickening . . . in the right knee" and "pain in the left shoulder." *Id.* at 367. But the report also found that Weisenfeld's "[g]rip strength remains intact" and her dexterity was unimpaired. *Id.* Weisenfeld had "mild difficulty . . . walking, . . squatting, and . . . hopping." *Id.*

Thus, the medical record is entirely consistent with Judge Whalen's analysis. Weisenfeld had a slightly reduced range of motion in her shoulders and knees along with mild difficulty walking and squatting, but no "limitation in gripping or other fine manipulative activity." Rep. & Rec. at 13. Judge Whalen rightly concluded that Weisenfeld's post-surgery records provided no support for Dr. Smith's opinion that Weisenfeld "was unable to sit, stand, or walk for more than one hour a day." *Id.* Weisenfeld's objection to Judge Whalen's representation of the medical record will be overruled.

Weisenfeld's remaining arguments in her first objection fail to even mention Judge Whalen, much less specifically identify an error in his reasoning. As such, de novo review is not warranted. Nevertheless, the Court has reviewed Judge Whalen's examination of the ALJ's rejection of the treating physician's opinion. Judge Whalen's analysis was thorough and well-reasoned. Weisenfeld's first objection will be overruled.

## 2.

In her second objection, Weisenfeld argues that the ALJ improperly evaluated Weisenfeld's credibility. First, Weisenfeld asserts that "as was already discussed above and in greater detail in Ms. Weisenfeld's opening brief, the ALJ erred by criticizing Plaintiff's treatment and erred by relying heavily on evidence of daily activities." Objs. at 7. As Weisenfeld admits, that argument was made before and rejected by Judge Whalen. Weisenfeld does not identify an error in Judge Whalen's analysis. Judge Whalen's well-supported rationale will not be disturbed.

Second, Weisenfeld argues that the "ALJ also erred by finding Ms. Weisenfeld not credible because she was not prescribed a cane or walker, but testified to using an assistive device at times." *Id.* Weisenfeld relies upon SSR 96-9p (1996 WL 374185) for the proposition

that "[t]here is no requirement that a physician must prescribe the device or state that it is required, only evidence that there is a need for such a device." *Id.* at 7–8. Judge Whalen addressed that argument: "While Plaintiff argues that a claimant need not show that the walker or cane use was recommended by a physician, the ALJ did not err in finding that the absence of a treating recommendation or cane use, along with the lack of treatment and the fairly unremarkable consultative findings undermined the disability claim." Rep & Rec. at 20. Weisenfeld now argues that a cane was necessary because Weisenfeld has "an abnormal gait." Objs. at 8. But considering the "great weight" given to "an ALJ's credibility determinations about the claimant," the ALJ did not err in finding that Weisenfeld's use of the cane did not credibly support her allegations of disability. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007).

## III.

Accordingly, it is **ORDERED** that Plaintiff Weisenfeld's objections, ECF No. 20, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 19, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Weisenfeld's motion for summary judgment, ECF No. 11, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.

Dated: July 25, 2017                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

<div style="border:1px solid black; padding:10px;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on July 25, 2017.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager

</div>